PER CURIAM.
The state appeals the order granting Tommy Duane Wallace’s motion to suppress any statements made by him after his arrest. We reverse.
Wallace was charged by information with aggravated battery, burglary, and petit theft. He filed a motion to suppress asserting that on January 31, 1995, Detective Ira Bryant took a sworn statement from him after assuring him he was not under arrest, but immediately following the statement, Bryant executed an arrest warrant he had previously procured on Wallace. The motion sought suppression of “any statement made subsequent to the statement.”
At the hearing on the motion to suppress, Detective Bryant testified that during his investigation of an incident that occurred on January 1, 1995, he had occasion to question Wallace. The two men met at a residence in Auburndale. Bryant suggested that he and Wallace speak in Bryant’s unmarked car because they would have more privacy. Once in the car, Bryant explained that in accordance with department policy he had a form spelling out how a suspect will be interviewed. One of the contents of that form is the reading of Miranda[1] rights. Bryant told Wallace he would be taking a taped version of what happened, he already had a great deal of information about what happened, and he wanted to hear the truth. Bryant taped his reading of Wallace’s rights and then took Wallace’s statement. Afterward, he told Wallace he had an arrest warrant on him and executed it.
The trial court granted Wallace’s motion to suppress upon a finding that his statement was not freely and voluntarily given.
Relying principally on State v. Manning, 506 So.2d 1094 (Fla. 3d DCA 1987), the state contends that because Wallace was read his Miranda rights and then waived them, Detective Bryant’s failure to advise him of the arrest warrant did not affect Wallace’s full awareness of the nature of the rights being abandoned and the possible consequences of that abandonment. Wallace contends that this ease is distinguishable from Manning because the trial court stated at the suppression hearing that it believed Wallace was not fully aware of the nature of the right being abandoned or the consequences of its abandonment.
The facts of Manning are very similar to those of this case. Manning was a suspect in the sexual battery of his daughter. He was interviewed twice by law enforcement in noncustodial settings. During the first of these interviews, he was told he was a suspect, and before each interview he was read his Miranda rights. A warrant for Manning’s arrest was then procured, but Manning was not advised of this fact when an officer told him he needed to question him further. This third questioning took place at the police station, and Manning was again read his rights and he signed a waiver form. After a lunch break, Manning again signed a waiver *916 of rights form and subsequently admitted the offense;
The trial court suppressed Manning’s confession in part because the officers failed to inform him a warrant for his arrest had been procured and if he had known of his constructive arrest, he might have refused to answer questions and requested an attorney. In addressing this finding by the trial court, the Third District stated that two inquiries must be made in determining whether a valid waiver of rights has been made: (1) whether the waiver was freely made and not as the result of intimidation, coercion, or deception by the police, and (2) whether the waiver was made with full awareness of the nature of the right being abandoned and the consequences of that abandonment. Id. at 1096. Both of these inquiries are to be made in the context of the totality of the circumstances. Id.
In answering the first inquiry, the court stated that:
The fact that Manning was not immediately informed that he was under arrest is insufficient to find that his waiver was not voluntary. When a defendant has not been placed under arrest, determining whether he is constructively under arrest or in custody is necessary for the purpose of determining whether a defendant must be read his rights. There is no question that Manning was read his rights many times. The trial court confused Manning’s custodial status with the timing of the officer’s acknowledgment to Manning that a warrant for his arrest had been procured. Just as an undercover investigation may continue, notwithstanding the fact that a search warrant has been issued, if all other criteria have been satisfied, an interrogation may take place notwithstanding the fact that an arrest warrant has been issued.
Id. at 1096-1097 (citations and footnote omitted).
In answering the second inquiry, the court stated that “any omissions or misstatements of fact did not affect Manning’s full awareness of the nature of the right being abandoned and the consequences of its abandonment.” Id. at 1097. The court noted that Manning was informed of his rights and told he was a suspect at the noncustodial interviews and repeatedly informed of his rights at the police station, where he signed a. waiver of rights form.
In this case, the two inquiries required by Manning can be answered easily. Although Detective Bryant did not inform Wallace pri- or to taking his statement that he was a suspect or that a warrant for his arrest had been procured, Bryant did read Wallace his Miranda rights. Consequently, the omission of the fact of the existence of the arrest warrant did not affect Wallace’s full awareness of the rights he was abandoning and the consequences of their abandonment. For the same reason, that omission cannot be considered coercion or deception that rendered Wallace’s decision to waive his rights not a free choice.
[P]olice deception does not render a confession involuntary per se. While Florida courts have frequently condemned the articulation by the police of incorrect, misleading statements to suspects, they have upheld the resulting confessions. Police deception does not automatically invalidate a confession especially where there is no doubt that the defendant was read and understood his Miranda rights.
State v. Cayward, 552 So.2d 971, 973 (Fla. 2d DCA 1989) (citations omitted), review dismissed, 562 So.2d 347 (Fla.1990).
Accordingly, we reverse the order suppressing Wallace’s statements and remand this case for further proceedings.
Reversed and remanded with directions.
THREADGILL, C.J., and LAZZARA and FULMER, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).